### ROBERTSON v. ROBERTSON.
### No. 23554

Circuit Court, Broward County.

August 26, 1957.

John W. Douglass, Fort Lauderdale, for petitioner Joe E. Hodges.

Elbert B. Griffis, Jr., Fort Lauderdale for respondent Pauline G. Robertson.

OTIS FARRINGTON, Circuit Judge.

This suit commenced as a suit for separate maintenance between Pauline G. Robertson, plaintiff, and Harold J. Robertson, defendant. Originally Joe E. Hodges represented Mrs. Robertson as her attorney.

On August 31, 1956 Hodges filed a petition alleging that during the progress of the suit he had negotiated a property settlement with defendant Robertson whereby valuable interests in certain real and personal property were transferred from Robertson to Mrs. Robertson in satisfaction of the maintenance suit; that since the property settlement agreement was effected through the efforts

of Hodges, Robertson and Mrs. Robertson had colluded for the purpose of preventing him from obtaining reasonable compensation for his services; and praying that the court impress an equitable lien in his favor on the real and personal property secured for Mrs. Robertson through the property settlement agreement.

Following the filing of the petition, Hodges was permitted to withdraw as attorney for Mrs. Robertson, and other counsel filed an appearance for her. Shortly thereafter through her substituted counsel she moved for dismissal of the entire suit. Upon hearing, this court dismissed the suit as to the issues between Robertson and Mrs. Robertson, but retained jurisdiction for the purpose of determining the issues raised by the petition of Hodges.

Mrs. Robertson filed her answer to the petition and the cause came on for final hearing before the court on the issues made by the petition of Hodges and the answer thereto by Mrs. Robertson.

Based upon the testimony adduced at the trial, the court has made the following findings of fact and conclusions of law—

On or about January 4, 1956 Mrs. Robertson employed Hodges as her attorney to prosecute a suit for alimony unconnected with divorce against Robertson.

The original understanding between Mrs. Robertson and Hodges as to attorney's fees was that Hodges would receive a reasonable fee to be determined by the court, which fee would be assessed against the defendant Robertson.

After protracted negotiations skillfully and effectively conducted by Hodges between an emotionally upset, dependent and vacillating client and an unpredictable, threatening, obstreperous, heavy-drinking defendant who refused to employ an attorney, an out-of-court settlement was reached between Mrs. Robertson and Robertson whereby, in lieu of periodic support payments, Robertson agreed to transfer all his interests in the jointly held real and personal property of the parties to Mrs. Robertson. This jointly held property constituted Robertson's only assets. Mrs. Robertson acquiesced in and approved the out-of-court settlement negotiated through the efforts of Hodges.

Pursuant to said agreement Robertson executed the necessary documents to effectively transfer to Mrs. Robertson all of his interest in the following jointly held property—(a) house in Broward County of the net value of $27,000, (b) 1845 shares of common stock of the Ruberoid Company of the total value of $60,000, and (c) U. S. Government bonds of the value of $5,000.

During the pendency of the suit but prior to the out-of-court settlement Mrs. Robertson, acting upon the advice of her attorney Hodges, withdrew the sum of $5,000 in cash from a joint bank account of the parties and effectively assumed possession and control thereof.

Under the original agreement between Hodges and Mrs. Robertson it was contemplated that her attorney's fee would be fixed by the court and assessed against the defendant Robertson. This became impossible when the settlement was reached, since all of Robertson's assets were transferred to the plaintiff. By the terms of the settlement Robertson was stripped clean of all assets, which fact was well known to plaintiff who gave him money so that he could leave town. At this point it surely was apparent to Mrs. Robertson that her attorney's fees would have to be paid out of the valuable assets which she received from the settlement.

Under the circumstances the court finds that there was an implied understanding between the attorney and client that a reasonable fee would be charged, and would of necessity be payable out of the property realized from the settlement. See Scott v. Kirtley (Fla. 1933), 152 So. 721, 93 A.L.R. 661.

The court finds that a fee of $9,000 is reasonable for the services of Hodges to Mrs. Robertson in this suit. Hodges is also entitled to recover costs expended and proven as follows—

| | |
|---|---:|
| Filing fee | $ 12.50 |
| Sheriff's fee | 6.75 |
| Telephone calls | 61.55 |
| Hargrave's Secret Service— Investigation Charges | 105.00 |
| Schwill—Investigation charges | 500.00 |
| Male nurse | 32.73 |
| | $718.53 |

Mrs. Robertson should be credited with $2,500 heretofore paid as against the attorney's fee fixed herein. The court finds that the payment of $2,500 to Hodges was a payment on attorney's fees, and was not received in full settlement of his claim.

It is therefore ordered, adjudged and decreed as follows—

a. That Joe E. Hodges have and recover from Pauline G. Robertson the sum of $7,218.53.

b. That Joe E. Hodges has a valid equitable lien for attorney's fees for the said sum of $7,218.53 upon the interest of Pauline G.

Robertson in and to the real and personal property described in paragraph (9) of the petition of Joe E. Hodges filed herein.

c. That if said sum of $7,218.53, together with any costs incident to the final hearing on said petition as may hereafter be determined by the court, shall not be paid within 30 days from the date of this order, the court will, upon application of Joe E. Hodges, enter an order for the sale of the real and personal property described in paragraph b above for the satisfaction of said lien.